Nellie D. THORNTON,
Plaintiff-Appellant,
Cross-Appellee,

v.

GULF FLEET MARINE CORPORA-
TION, INC., et al.,
Defendants-Appellees,

Gulf Fleet Marine Corporation,
Defendant-Appellee,
Cross-Appellant.

No. 83–3737
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1985.

Joel P. Loeffelholz, New Orleans, La., for plaintiff-appellant, cross-appellee.

Lemle, Kelleher, Kohlmeyer & Matthews, Miles P. Clements, New Orleans, La., for Gulf Fleet.

Scofield, Bergstedt, Gerard, Hackett & Mount, P.O., J. Michael Veron, Lake Charles, La., for Magcobar Div. of Dresser Ind.

Bruce R. Hoefer, Jr., Milling, Benson, Woodward, Hillyer, Pierce & Miller, New Orleans, La., for Chevron.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Nellie D. Thornton, a cook aboard the M/V GULF FLEET 35, was seriously injured and permanently disabled when she slipped and broke her ankle in debarking from the vessel onto a dock by means of a metal ramp. She brought this suit claiming Jones Act negligence (46 U.S.C. § 688) and unseaworthiness against her employer Gulf Fleet Marine Corporation, owner and operator of the ship upon which she served, and Magcobar Division of Dresser Industries, Inc., the owner and operator of the dock facility where the injury took place. The trial jury found on specific interrogatories that neither Gulf Fleet nor Dresser was negligent and that the vessel on which she served was not unseaworthy. The jury found that appellant was guilty of "contributory negligence" since this was the way in which the interrogatory was phrased. Thus, in summary, the only fault or responsibility found to exist by the jury was fault on the part of the appellant. The district court denied motions for a directed verdict for appellant and for judgment notwithstanding the verdict. We affirm.

This case involves both claims of unseaworthiness and Jones Act negligence. Our review of an unseaworthiness claim is well established to be the scope of review

as defined in *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc), justifying a directed verdict or jnov only "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict...." It is also well established that in the instance of a jury verdict under the Jones Act finding negligence on the part of the defendant and in favor of plaintiff seaman, a defendant's motion for directed verdict or jnov falls under a much stricter standard, the standard applied in Federal Employers' Liability Act cases. Taking such a jury verdict away from the plaintiff seaman is appropriate "[o]nly when there is a complete absence of probative facts to support the verdict...." *Lavender v. Kurn*, 327 U.S. 645, 652, 66 S.Ct. 740, 743, 90 L.Ed. 916 (1946) (FELA case). *Alverez v. J. Ray McDermott & Co.*, 674 F.2d 1037, 1042 (5th Cir.1982).

This latter standard has been stated in many cases and such statements have lacked a caveat covering the situation where the jury verdict is in favor of the defendant in a Jones Act negligence case, and the plaintiff seeks a directed verdict or a jnov. The question whether the same standard requiring only a scintilla of evidence to block a directed verdict or jnov is applicable when the defendant prevails before the jury has not been authoritatively decided in this Circuit. *Robin v. Wilson Bros. Drilling*, 719 F.2d 96, 98 (5th Cir. 1983); *Jussila v. M/T LOUISIANA BRIMSTONE*, 691 F.2d 217, 219 (5th Cir.1982); *Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 360 (5th Cir.1980). *But compare Campbell v. Seacoast Products, Inc.*, 581 F.2d 98, 99 (5th Cir.1978), which applied the more stringent Jones Act standard in evaluating the sufficiency of the evidence to support the jury's finding of no employer negligence but without a specific evaluation of the issue of a differing standard under the Jones Act depending upon whether the plaintiff or the defendant prevailed before the jury.

The *Robin, Jussila,* and *Allen* cases cited above specifically discussed the problem of a differing standard depending upon who prevails before the jury in a Jones Act negligence claim, but in each instance the Court found that even applying the less stringent *Boeing v. Shipman* standard, the jury verdict in favor of the defendant was properly upheld. So also we do the same. Even under the *Boeing v. Shipman* standard which is more favorable to the plaintiff's motions for directed verdict and jnov in this case, we find that the jury verdict must be upheld.

Since we can readily reach our conclusion under the standard which is more favorable to the appellant, we cannot here hold, just as we have not held in the earlier cases cited above, that the more stringent Jones Act/Federal Employers' Liability Act standard of proof of negligence is not applicable where the jury verdict is favorable to the defendant in that no negligence is found. We can only say that it appears it would defeat the purpose of the more stringent standard under the Jones Act and FELA to make it easier for a defendant by the introduction of the slightest amount of evidence to block a directed verdict or jnov in favor of the injured plaintiff. The very purpose of the Jones Act/FELA standard is to make recovery on the part of the plaintiff in those hazardous industries easier to prove than in the usual civil tort case. It would thwart this purpose significantly to hold that the standard which enables a plaintiff to get to the jury if there is some, no matter how little, probative evidence would enable a defendant to defeat a plaintiff's motion for directed verdict or jnov on the ground that there was some, no matter how little, probative evidence introduced which was favorable to the defendant.

■ Without resolving the issue stated above, we apply the *Boeing v. Shipman* standard and find that the facts and inferences do not point so strongly and overwhelmingly in favor of the appellant that reasonable men could not arrive at a contrary verdict. In making the evaluation of the evidence, the *Boeing* rule is that we must consider all the evidence and in the

light and with all reasonable inferences most favorable to the nonmover. The evidence revealed appellant was an obese woman who slipped and fell on the slanting metal ramp which was the only means of ingress and egress from the vessel on which she served. The ramp had a nonskid tread and it was used by the crew members to go to and from the vessel. While the ramp was at a slant, it could be readily negotiated. There was no evidence of any slippery substance on the ramp, it was adequately lighted, and appellant testified she did not know why she had fallen except that she was wearing her "ballerina" shoes rather than her regular shoes she wore as a member of the crew.

The evidence further showed that the metal ramp was the regular means of embarking and disembarking and it was not ever expected that there would be some other gangplank set up and made available. In fact there was evidence from the captain of the ship that it was not practical to set up a gangplank. A piece of the nonskid grip strut steel grating of which the ramp was made was in court and was examined. Pictures were brought in to establish the slant of the ramp at the time of the accident.

We cannot on the basis of this evidence, properly stated most favorably to the appellee, find justification for the trial court to upset the jury verdict.

█ We have reviewed other specific claims by the appellant concerning proffered jury instructions, the refusal to admit in evidence an ex parte affidavit made many months before on behalf of the plaintiff by a crew member who could not be located to serve as a witness, and restrictions on the scope and mode of the examination of Captain Sanders of the M/V GULF FLEET 35 after the captain was called by appellant as a witness and was not listed by appellant as adverse. We find that the case was well and properly tried by the district court and the specific objections are matters which fell well within the discretion of the court. The case was effectively submitted to the jury with adequate instructions.

We find no justification to take away from the appellees the jury verdict which they won in this case.

AFFIRMED.