**FEDERAL DEPOSIT INSURANCE CORPORATION, In its Corporate Capacity, Plaintiff-Appellee,**

v.

**John T. WHITLOCK, Defendant-Appellee,**

v.

**SURETY INSURANCE COMPANY OF CALIFORNIA, Defendant-Appellant.**

No. 84–4749.

United States Court of Appeals, Fifth Circuit.

April 4, 1986.

Tom Royals, Moore, Royals & Hartung, Michael Hartung, Jackson, Miss., for defendant-appellant.

Luke Dove, Jackson, Miss., for defendant-appellee.

Thomas C. Gerity, Jackson, Miss., for F.D.I.C.

John Whitlock, pro se.

Before GOLDBERG, RANDALL, and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Federal Deposit Insurance Corporation (FDIC) filed this suit against defendant John T. Whitlock and Surety Insurance Company of California (SIC). The FDIC's suit was based on a promissory note executed by Whitlock and a financial guarantee bond executed by a person possessing a power of attorney from SIC. SIC answered the FDIC's suit and filed a cross-claim against co-defendant Whitlock. Defendant Whitlock was not served until shortly before trial. The district court therefore postponed trial of the claims against Whitlock and proceeded with the FDIC's suit against SIC. The district court granted a directed verdict in favor of the FDIC against SIC.[1] The trial court proceedings then turned to the claims still pending against Whitlock, (i.e., the FDIC's claim against Whitlock and SIC's cross-claim against Whitlock). On the FDIC's claim against Whitlock, Whitlock consented to an entry of judgment against himself in favor of the FDIC. Whitlock has not appealed the FDIC's judgment against himself; consequently, the FDIC's judgment against Whitlock is not before this Court. On SIC's cross-claim against Whitlock, which was tried separately by a United States magistrate, the trial court entered an involuntary dismissal in favor of Whitlock and against SIC. SIC appeals both of the judgments against it: the judgment in favor of the FDIC against SIC and the judgment of involuntary dismissal in favor of Whitlock against SIC.

## I. BACKGROUND [2]

Dick and Clara Jones were the principal stockholders in Sentinel Bonding Agency, Inc., a bonding agency in Enid, Oklahoma. Defendant John Whitlock also owned Sentinel stock. As a bonding agency, Sentinel wrote bonds as agent for various companies, such as SIC. Consequently, SIC conferred a power of attorney upon Clara Jones, who also served as an officer of Sentinel.

---

1. SIC attempted to appeal this judgment, but this Court dismissed the appeal for lack of appellate jurisdiction. *See FDIC v. Whitlock,* 745 F.2d 53 (5th Cir.1984) (unpublished opinion).

2. The Court's recitation of the facts should be considered only as background for the limited disposition of the instant case. Since the case must be remanded for a new trial on the FDIC's claim against SIC, all factual issues regarding the FDIC's claim against SIC are specifically reserved for the trial court on remand.

In August 1979, Sentinel and Dick Jones owed the Fidelity Bank (the Bank) of Jackson, Mississippi, at least $250,000.00. Fidelity Bank President George Sanders informed the Joneses that the Bank could not loan either the Joneses or Sentinel any additional money since they had already borrowed beyond their limit.

Later the same month, Dick Jones met with Whitlock at Whitlock's office in Dallas, Texas, to discuss means of borrowing an additional $100,000.00 from the Fidelity Bank. Since neither Sentinel nor the Joneses could borrow directly from the Bank, Dick Jones proposed to Whitlock that Whitlock borrow the money on his signature and then transfer the money to Sentinel. Jones assured Whitlock that the note would be secured by a financial guarantee bond through SIC.

On August 20, 1979, Whitlock travelled to Jackson to close the loan. Whitlock, however, did not have the financial guarantee bond with him. Since Whitlock needed to return to Texas, a Bank officer, Edward Sims,[3] informed Whitlock that he would complete the needed paperwork, but that the proceeds of the loan would be held until the collateral was received. Sims then prepared a loan application, a promissory note for $100,000.00, a cashier's check for $100,000.00, and a disbursement receipt. Whitlock signed the loan application, signed the note and the disbursement receipt, endorsed the cashier's check to the order of Sentinel, and returned to Dallas.

The next day, August 21, Dick Jones and Whitlock called Clara Jones at Sentinel's office in Oklahoma. Dick Jones told her to prepare a financial guarantee bond for $100,000.00 to be sent to Fidelity Bank. Dick Jones instructed her to mail the completed bond, along with a copy of her power of attorney from SIC, to the Bank. According to Clara Jones' testimony, which was admitted only in the first trial of this action between FDIC and SIC, Whitlock granted Clara Jones an oral power of attorney to affix his name to the financial guarantee bond. Clara Jones mailed the bond and the power of attorney to the Bank. The money was transferred to Sentinel's corporate account.

Shortly afterwards on September 28, 1979, the State Comptroller of the State of Mississippi determined that Fidelity Bank was insolvent. The FDIC was appointed receiver and later acquired certain assets of the Bank, including Whitlock's note and the SIC bond.[4] At the time of the Bank's closing, the Bank's loan file consisted of the Whitlock note, Whitlock's loan application and financial statement, the disbursement receipt, and the financial guarantee bond with Clara Jones' power of attorney from SIC.

FDIC brought suit against both Whitlock and SIC. In its answer, SIC alleged that Clara Jones and Whitlock had conspired illegally with George Sanders, the Bank's president, to fraudulently obtain the loan. SIC also alleged that the Bank had actual knowledge of the fraudulent nature of the loan. Evidence at trial indicated that SIC prohibited its agents from writing uncollateralized financial guarantee bonds; this limitation on Jones' authority, however, was not contained in the broad power of attorney found by the FDIC in the Bank's loan file. SIC at trial apparently intended to show that irregularities in the Bank file would have given FDIC officials notice of Clara Jones' lack of authority. SIC also asserted a cross-claim against Whitlock.

Service of process on defendant Whitlock was delayed until shortly before the time scheduled for trial. The district court

---

**3.** Sanders was not in Jackson on August 20 but told Sims by telephone to complete the loan.

**4.** Although FDIC asserts that it acquired the note through a "purchase and assumption" agreement, the record is not at all clear on the nature of the FDIC's acquisition of the bond. *See Gunter v. Hutcheson,* 674 F.2d 862 (11th Cir.), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74

L.Ed.2d 63 (1982) (explaining "purchase and assumption" transaction involving failed banks and creating special federal common law protections for FDIC when acquiring note through this method). We explicitly reserve the question whether *Gunter* should be adopted by this Court and if so, whether it applies to the instant case. *See infra* at n. 8.

therefore postponed trial of the claims against Whitlock and proceeded separately with the trial of the FDIC's claim against SIC.

After the FDIC rested, SIC moved for a directed verdict. SIC based its motion for directed verdict on the argument that the financial guarantee bond was not binding as a matter of law. The district court judge took SIC's motion under advisement and ordered SIC to go forward with its defense against FDIC's claim. After SIC had presented testimony of two witnesses, the district court judge interrupted SIC's presentation to announce that the court was granting a directed verdict *in favor of the FDIC.* The FDIC had no motion for judgment pending before the court.[5] Although the district court judge allowed SIC to "proffer" a summary of its remaining evidence into the record, the district court's preemptory action prevented SIC from fully presenting its evidence regarding the ambiguity of the bond and the FDIC's notice of the alleged fraud through irregularities in the loan file.

From this partial judgment in favor of the FDIC against SIC, SIC attempted to appeal, but this Court dismissed the appeal for want of a final judgment. *FDIC v. Whitlock,* 745 F.2d 53 (5th Cir.1984) (per curiam) (unpublished opinion). While this attempted appeal was pending before this Court, SIC brought to trial its cross-claim against Whitlock. After this separate trial, the trial court granted judgment in favor of Whitlock against SIC on the basis that SIC failed to establish that Whitlock autho-

rized Clara Jones to sign his name to the bond.

SIC appeals both of these judgments. This Court first examines SIC's appeal of the judgment in favor of the FDIC.

## II. DISTRICT COURT'S GRANTING OF DIRECTED VERDICT IN FDIC'S FAVOR

■ The primary difficulty encountered by this Court stems from the district court's granting a directed verdict in favor of the plaintiff FDIC before the defendant SIC had rested its case. The FDIC had not moved for a directed verdict, and even if the FDIC had done so at the close of its own evidence, granting such a verdict would not have been proper here. A motion for a directed verdict is generally made only after "the close of the evidence offered by an *opponent.*" Fed.R.Civ.P. 50(a) (emphasis added).[6] Here, the district judge entered a directed verdict in favor of the plaintiff FDIC, with only a motion of defendant SIC before the court; instead, it granted the directed verdict for the plaintiff FDIC during—but before the close of—defendant SIC's evidence. However, it is generally the "defendant's motion for directed verdict [which] may be made at the end of plaintiff's opening statement, at the end of plaintiff's case, and by either or both parties at the close of the entire case." 6 *Moore's Federal Practice* ¶ 56.02[10], at 56–43 (comparing motion for directed verdict to motion for summary judgment). Moreover, even where the motion is made at these procedural instances, granting the motion is proper only " '[i]f the facts and

---

5. Mr. Suddath [attorney for FDIC]: Your Honor, may I ask a question of the Court?

   Of course I agree with the legal conclusion reached by the Court. I did not have a motion before the Court. Mr. Royals has made a motion, when the plaintiff rests, to render a judgment for the defendant. And I take it by the Court's ruling that you declined that motion. I have not yet gotten to the point where I was going to make a motion.
   The Court [Judge Cox]: You were giving me the delayed punch on that—
   Mr. Suddath: Sir?
   The Court: You were giving me the delayed punch on that, weren't you?

   Mr. Suddath: No, sir.
   The Court: You want me to reverse it?
   Mr. Suddath: No, sir. No, sir. I just want to perfect the record here. The motion before the Court was Tom Royals' motion.
   Record Vol. III at 325.

6. A motion for a directed verdict may also be granted after the opening statement of counsel for either plaintiff or defendant in the "extraordinary" case where it is apparent that no question of fact for the jury will be presented. 5A *Moore's Federal Practice* ¶ 50.02[1], at 50–17. The facts of the instant case do not present such an extraordinary situation.

inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict....'" *Thornton v. Gulf Fleet Marine Corp.*, 752 F.2d 1074, 1076 (5th Cir.1985) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc)).

█ Under the facts of the instant case, the district judge's action was an improper sua sponte entry of judgment in favor of the FDIC. *See Panotex Pipe Line Co. v. Phillips Petroleum Co.*, 457 F.2d 1279, 1283 (5th Cir.), *cert. denied*, 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 86 (1972) (directed verdict in defendant's favor during defendant's presentation of issue not error where "there is nothing of record to support any denigration of procedural due process or the essence of a fair trial"). While "it is within the power of the trial court to direct a verdict at any point in the trial where it is apparent that there is a complete absence of any question to send to the jury," the Court has noted that this "power must nonetheless be exercised with great restraint in order to avoid the possibility that a party will be precluded from presenting facts which make out a question for the jury." *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (5th Cir.1983). While this Court has affirmed a directed verdict against a defendant at the close of plaintiff's evidence, where it was *clear* that a party's defenses are inadequate, this Court has sounded a note of caution in doing so. "Where there is any doubt at all as to the

propriety of a directed verdict, district courts should not jump the gun but should wait until both sides have presented their evidence before ruling on motions for directed verdict." *Id.* Reflecting this same concern, the First Circuit has noted, "It is ... clear that neither in the rules nor in the case law is there any basis for rendering a directed verdict against a defendant before he has had a chance to present evidence." *Gonzalez v. La Concorde Compagnie D'Assurances*, 601 F.2d 606, 608 (1st Cir. 1979). This is particularly true where a defendant attempts to introduce legally admissible evidence. *See id.* & n. 4.

The FDIC asserts that any procedural error was harmless and that entry of judgment in its favor was proper since it was entitled to judgment under its federal statutory protections, *see* 12 U.S.C. § 1823(e),[7] or its federal common law protections. *See, e.g., D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). Given the limited record on this appeal, however, this Court does not have a sufficient record to determine whether section 1823(e) should be extended to preclude SIC's defense that Clara Jones was not authorized to sign the bond in question. *Cf. FDIC v. Blue Rock Shopping Center*, 766 F.2d 744, 754 (3d Cir.1985) (holding that section 1823(e) directed at side agreements between bank and obligor). Further, SIC's proffered evidence would have been at least relevant in showing that the FDIC took the Whitlock note with notice of SIC's defense.[8] Nor can we say that SIC

---

7. 12 U.S.C. § 1823(e) provides:
   No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

8. On appeal, the FDIC asserts that defendants' proffered and summarized evidence would have been insufficient to show that the FDIC obtained the note with notice of SIC's defense. The FDIC relies on *Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). In *Gunter*, the Eleventh Circuit held that, under federal common law, the FDIC has complete protection against certain fraud claims where the FDIC acquires the note "in the execution of a purchase and assumption transaction, for value, in good faith, and without actual knowledge of the fraud at the time the FDIC entered into the purchase and assumption agreement." *Id.* at 873. Even assuming the wisdom of *Gunter* and its application to the instant case, questions which we explicitly reserve, we cannot say on

waived any opportunity to present such evidence since this Court's careful reading of the trial court record inevitably leads to the conclusion that SIC was not given a fair opportunity to do so. *See Panotex Pipe Line Co.*, 457 F.2d at 1283. This Court does not wish to encourage the extension of useless trials. However, the district court judge's summary disposition was improper here. The district court's allowance of "proffered" summaries of the evidence inhabits this Court's review of whether a directed verdict was proper. Given this error, the judgment in this respect must be vacated and remanded to the district court.

The Court emphasizes that no opinion as to the merits of this cause is stated. The Court does not decide the applicability of 12 U.S.C. § 1823(e) to the facts presented here, nor does the Court decide the creation or application of principles of federal common law. These questions are reserved to the trial court in the first instance.[9]

### III. SIC'S CLAIM AGAINST WHITLOCK

As noted, the district court judge determined to have SIC's cross-claim against Whitlock tried separately since Whitlock had been served only shortly before the action was set for trial. *See* Fed.R.Civ.P. 42(b). During the first phase of the proceedings regarding FDIC's claim against

SIC, Clara Jones appeared at trial and testified that she had been given the oral authority to sign Whitlock's name to the bond.[10] During the second phase of the proceedings, tried separately before a United States magistrate, counsel for SIC sought to introduce this testimony against defendant Whitlock. Counsel for Whitlock objected on the basis that Whitlock had not been present during the first phase of the proceedings and had no adequate opportunity to cross-examine Clara Jones. The magistrate sustained the objection and granted Whitlock's motion for a dismissal after SIC rested on the basis that SIC failed to establish that Whitlock signed the bond or authorized anyone to affix his signature.

On appeal, SIC argues that the district court erred in treating the two separate phases of the trial as separate causes of action and that the magistrate's "severance" violated Fed.R.Civ.P. 21 (case may be served "on such terms as are just"). Counsel's argument is misdirected. The magistrate's Findings of Fact and Conclusions of Law unequivocally reveal that the magistrate did not treat the two actions as "severed."[11] Rather, the trial court was appropriately concerned that Jones' testimony could only be admitted if Whitlock had been afforded the opportunity of cross-examination. *See* Fed.R.Evid. 804(b)(1).[12]

---

the basis of the preterminated record and arguments here that *Gunter* establishes the FDIC's entitlement to judgment at this procedural juncture.

9. SIC also appeals the district court's refusal to allow SIC to examine an FDIC file used by an FDIC witness while testifying. The Court's disposition of the FDIC's claim against SIC relieves the Court of the necessity of deciding this issue. The district court, of course, may exercise its discretion to reopen discovery on remand to allow such inspection.

10. SIC does not assert that the district judge abused his discretion in ordering separate trials.

11. The Conclusions of Law state:
　　2. The prior trial of the claim by the FDIC against Surety constitutes a *bifurcation of the trial of this cause.*

3. The testimony of Clara Jones at the prior trial or at deposition can not be received into evidence at the trial since Whitlock and his attorney did not have notice of said deposition and did not have the right to participate in said deposition or trial and to cross-examine the witness.
　　4. The proof does not establish that Whitlock signed the financial guaranty bond as obligor or that he authorized, orally or in writing, any person to sign his name to said bond.
Conclusions of Law Nos. 2, 3, and 4 (emphasis added).

12. Federal Rule of Evidence 804(b)(1) provides:
　　(b) *Hearsay exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
　　(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken

SIC asserts no error in this determination and this Court finds none. *See id., Baylor v. Jefferson County Board of Education,* 733 F.2d 1527, 1534 (11th Cir.1984); *Castileja v. Southern Pacific Co.,* 445 F.2d 183, 185–86 (5th Cir.1971).

### IV.  CONCLUSION

Accordingly, the judgment of the district court in favor of the FDIC against SIC is VACATED and REMANDED for further proceedings; the judgment of the district court on SIC's cross-claim against Whitlock is AFFIRMED.

AFFIRMED IN PART;

VACATED IN PART AND REMANDED.

in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.