United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-30924
_____

IVAN ECHEVERRIA,

Plaintiff - Appellant,

versus

CHEVRON USA INC., MCCALL CREWBOATS LLC, MCCALL MARINE SERVICES
INC.; CHILES OFFSHORE INC.,

Defendants - Appellees.
_____

No. 03-31046
_____

IVAN ECHEVERRIA,

Plaintiff,

PRODUCTION MANAGEMENT INC.,

Intervenor - Cross Defendant - Appellee,

versus

CHEVRON USA INC., ET AL.,

Defendants,

CHILES OFFSHORE INC.,

Defendant - Cross Claimant - Appellant.
_____

Appeals from the United States District Court
for the Eastern District of Louisiana
_____

1

Before WIENER and PRADO, Circuit Judges, and KINKEADE,[1] District Judge.

PRADO, Circuit Judge.

The above numbered and styled appeals arose from the trial of a personal injury lawsuit in which the district court entered judgment as a matter of law (JMOL) against the plaintiff-appellant before he had completed the presentation of his case. After considering the plaintiff-appellant's arguments, this court reverses the district court's judgment and remands the case for further proceedings.

## Background of the Appeal

The plaintiff-appellant, Ivan Echeverria, injured his elbow when he fell from a rope used to swing from a transport vessel to an oil platform. Echeverria contends that there was an oily or greasy substance on the rope that caused him to slip from the swing rope and fall into the sea. Prior to the accident, a jack-up drilling rig was jacked-up above the platform. The crew of the jack-up rig cleaned the work site and departed the area the day before the accident. Echeverria speculates that the slippery substance on the rope may have been drilling mud from the jack-up rig or the clean-up effort.

Echeverria sued the owner of the platform, Chevron USA Inc.; the owner of the utility vessel that transported Echeverria to

[1]District Judge for the Northern District of Texas, sitting by designation.

2

the platform, McCall Marine Services, Inc.; the operator of the utility vessel, McCall Crewboats LLC; and the owner of the jack-up rig, Chiles Offshore, LLC.

The district court commenced the trial of the case before a jury. After opening arguments, four of Echeverria's witnesses testified: Larry Orillion, a co-worker who was present when Echeverria's accident occurred; Craig Schieffler, Echeverria's supervisor who was also present when the accident occurred; Echeverria; and Morgan Cheramie, who worked for Echeverria's employer. After this testimony, the district judge sent the jury out of the courtroom and questioned Echeverria's lawyer about his remaining evidence on liability. The lawyer explained that he intended to call the Chevron employee who inspected the swing rope after the accident and to introduce the accident report that showed the rope had not been inspected or replaced according to Chevron's schedule. The district judge then expressed his concern that a reasonable jury could not find that the defendants were liable because (1) the swing rope next to the rope involved in the accident was clean and dry even though it was near the accident rope during Chiles's clean-up efforts, and (2) no one inspected the rope before he jumped even though each jumper was trained to inspect a rope before jumping. The district judge then stated:

> Based upon my findings, all the liability evidence that
> I have from the plaintiff, including those that is
> [sic] anticipated and accepting what counsel has said

3

they would testify to, the Court on its own is granting a Motion for Judgment as a Matter of Law against plaintiff in favor of the defendants on the issue of liability.

The court then gave Echeverria's lawyer a chance to respond and invited him to proffer the evidence he would have presented. The attorney argued about the comparative negligence of the parties, the difference in elevation between the platform and the vessel, and the location of the knots on the rope. He offered the deposition of Louis Baril, who was present when the accident occurred, and accident reports that were subject to a motion in limine, but was unable to convince the district judge that JMOL was inappropriate.

## Whether Echeverria Was Fully Heard

Echeverria argues that he had not been fully heard on the issue of liability before the district court entered judgment. Echeverria maintains that he had planned to call several additional witnesses on the issue of liability and to present additional documentary evidence. Echeverria contends that the district court erred by failing to exercise restraint and by entering judgment before he had completed his case.

Rule 50(a) of the Federal Rules of Civil Procedure provides for JMOL.[2] This court reviews a district court's entry of JMOL de novo, applying the same standards that the district court

---

[2]*See* FED. R. CIV. P. 50(a).

applied and considering all the evidence in the light most favorable to the party opposing the motion.[3]

> If during a trial by jury a party has been *fully heard on an issue* and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party.[4]

In the instant case, the "issue" is liability. The question is whether Echeverria was "fully heard."

Rule 50(a) does not explain what "fully heard" means. In practice, a party has been fully heard when he rests his case. This court has never addressed whether a district court may enter JMOL in favor of the defendant before the plaintiff rests his case.[5] But in a similar case, this court vacated a JMOL where the district court entered judgment in favor of the plaintiff before the defendant had completed his case.[6] The court explained that the use of "'proffered' summaries of the evidence [inhibits] this Court's review of whether a directed verdict was

---

[3]*See Bank of Saipan v. CNG Fin. Corp.*, No. 03-11053, 2004 WL 1759152 (5th Cir. Aug. 6, 2004), at *2 (to be published).

[4]FED. R. CIV. P. 50(a)(1) (emphasis added).

[5]*See Galin Corp. v. MCI Telecommun. Corp.*, 12 F.3d 465, 468 (5th Cir. 1994) (treating a JMOL before the first witness was called as a summary judgment that had been previously argued and declining to address whether the plaintiff was fully heard for Rule 50 purposes).

[6]*See FDIC v. Whitlock*, 785 F.2d 1335, 1340 (5th Cir. 1986).

proper."[7]

This court has periodically cautioned district courts about jumping the gun to enter JMOL and instructed courts to exercise "great restraint" before directing a verdict to avoid precluding a party from presenting facts that establish a question for the jury.[8] Albeit in another context, the court has explained that Rule 50 requires that the nonmoving party receive notice of the purported deficiencies in his case and have an opportunity to cure any defects prior to the entry of a JMOL.[9] The court has also indicated that "fully heard" means being "fully heard *by the jury*."[10]

---

[7]*See Whitlock*, 785 F.2d at 1340.

[8]*See Buchanan v. City of San Antonio*, 85 F.3d 196, 198 (5th Cir. 1996); *Whitlock*, 785 F.2d at 1340; *United States v. Vahlco*, 720 F.2d 885, 889 (5th Cir. 1983).

[9]*See Bohrer v. Hanes Corp*., 715 F.2d 213, 216 (5th Cir. 1983) (considering a judgment not withstanding the verdict and explaining that Rule 50 requires that the nonmovant be alerted to the insufficiency of his case and be given the opportunity to cure any defects); *see also Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1315 (5th Cir. 1995) (reviewing the denial of a motion for JMOL after jury returned verdict and excusing technical non-compliance with Rule 50 because the purpose of the rule was met; i.e., "to enable the trial court to re-examine the question of evidentiary insufficiency as a matter of law if the jury returns a verdict contrary to the movant, and to alert the opposing party to the insufficiency before the case is submitted to the jury, thereby affording it an opportunity to cure any defects in proof should the motion have merit").

[10]*See Rutherford v. Harris County*, 197 F.3d 173, 179 (5th Cir. 1999) ("A court may grant a judgment as a matter of law if after a party has been fully heard by the jury on an issue, 'there is no legally sufficient evidentiary basis for a

6

As for other jurisdictions, the United States Court of Appeals for the District of Columbia recently indicated that a party has not been fully heard until he has submitted all of his evidence and closed his case.[11]  That court explained that the district court should not grant a motion for JMOL "unless the nonmoving party has 'been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact.'"[12]  The United States Court of Appeals for the Sixth Circuit agrees and has indicated that it is impossible for a reviewing "court to review whether, when all reasonable inferences from the evidence are construed in favor of the nonmoving party, a reasonable juror could find in favor of the nonmoving party if he is precluded from presenting the evidence he considers relevant."[13]  When faced with a JMOL entered mid-trial after the judge questioned the plaintiff about his additional evidence, the court explained that an attorney's

reasonable jury to have found for that party with respect to that issue.'") (citation ommitted); *Aetna Cas. & Sur. Co. v. Pendleton Detectives of Miss., Inc.*, 182 F.3d 376, 377-78 (5th Cir. 1999) (same); *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994) (same).

[11]*See Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004).

[12]*See Teneyck*, 365 F.3d at 1149 (quoting the Advisory Committee Note on the 1991 Amendment to Rule 50).

[13]*Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999).

brief statements in response to a judge's on-the-spot questions does not afford a plaintiff a reasonable opportunity to be fully heard within the meaning of Rule 50.[14] The court explained that Rule 50 contemplates a judgment based on "testimony and documents submitted into evidence."[15] Although the court criticized the presiding judge about matters not implicated in the instant case,[16] the court ultimately concluded that the judge took the plaintiff's attorney by surprise and precluded the plaintiff from being fully heard.[17] This court finds the reasoning of these courts persuasive and adopts it today.

Although the defendants-appellees in the instant case contend that the district court may enter JMOL at any time, they have no authority for that position. While subsection (2) of Rule 50(a) permits a party to move for JMOL "at any time" before the case is submitted to the jury, that provision does not mean the nonmoving party loses his opportunity to be fully heard under subsection (1).

The defendants-appellees maintain that Echeverria was fully

---

[14]*See Francis v. Clark Equip. Co.*, 993 F.2d 545, 555 (6th Cir. 1993).

[15]*Francis*, 993 F.2d at 555.

[16]*See Francis*, 993 F.2d at 555 (criticizing the judge for failing to apprise the plaintiff of the materiality of the facts and issues he considered dispositive, and for failing to specify the controlling law he was relying on to determine that the plaintiff had failed to carry his burden of proof).

[17]*See id.* at 556.

heard, but the record indicates to the contrary. Prior to trial, Echeverria identified 30 witnesses. His description of those witnesses in the Joint Pretrial Order indicates that 15 of those witnesses may have testified about liability. Although Echeverria's attorney did not recite the names of those witnesses when he was asked about his liability evidence, the attorney made it clear that he was not finished with his case. The district judge knew that Echeverria had additional witnesses because he signed the Joint Pretrial Order and asked about the rest of Echeverria's case. Notably, the defendants-appellees did not move for JMOL, probably because they understood that Echeverria had not been fully heard on the issue of liability.

Ultimately, the district judge may be right about the sufficiency of Echeverria's evidence on liability, but endorsing a practice of prematurely entering judgment would circumvent Rule 50's requirement that a party be fully heard, and would require this court to review a JMOL without all of the plaintiff's evidence. Because the purpose of Rule 50 is, in part, to weigh the sufficiency of the evidence before the case is submitted to the jury,[18] it is essential that the nonmoving party be permitted to present all of its evidence. Rule 50 is intended to shorten and end needless trials,[19] but that objective can be achieved by

---

[18]*See Satcher*, 52 F.3d at 1315.

[19]*See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 250 (1940).

9

simply waiting until the plaintiff rests—at least, waiting until the plaintiff rests on liability. Consequently, the court REVERSES the district court's judgment and REMANDS the case for further proceedings. Having reached this determination, the court need not reach Echeverria's other arguments.

Because there is no longer a final judgment in this case, the court has no jurisdiction to consider the defendant-appellant's appeal of the district court's ruling on its motion for summary judgment. Accordingly, the court DISMISSES that appeal, No. 03-31046, for lack of jurisdiction. Appeal No. 03-30924 REVERSED and REMANDED; Appeal No. 03-31046 APPEAL DISMISSED.