**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEONARD MCSHERRY,
          *Plaintiff-Appellant,*

v.

CITY OF LONG BEACH; LONG BEACH
POLICE DEPARTMENT; NORMAN
TURLEY, Officer; CARTHEL S.
ROBERSON, in his individual and
official capacities,
          *Defendants-Appellees.*

No. 03-57064

D.C. No.
CV-02-03767-RGK

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
July 13, 2005—Pasadena, California

Filed September 8, 2005
Amended October 27, 2005

Before: Jerome Farris, Dorothy W. Nelson, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge D.W. Nelson

14781

## COUNSEL

Mark A. Borenstein, Overland & Borenstein, Los Angeles, California, for the plaintiff-appellant.

Noland C. Hong (argued), Michael M. Mullins (on the briefs), Brown, Winfield & Canzoneri, Los Angeles, California, for the defendants-appellees.

## ORDER

The opinion filed on September 8, 2005, is **AMENDED** as follows.

On slip opinion page 12652, a footnote is inserted at the end of the sentence that reads "We hold that the district court may not grant a motion filed under Rule 50 prior to the presentation of any evidence in a case." The text of the footnote is as follows:

> This case does not involve, and thus we need not address, whether our holding should encompass a judgment as a matter of law granted after opening statements. *See Moore*, 473 F.2d at 329 n.2, 330, 332 (intimating that "the allegations of the pleadings, the evidence before the court, and the promises of evidence recited in [the] opening statement" can be insufficient as a matter of law to warrant any relief, permitting the court to rule on a motion for judgment as a matter of law under Rule 50(a)(1) at that juncture of the case). *See generally* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2533 (2d ed. 1995); 9 James Wm. Moore et al., Moore's Federal Practice ¶ 50.20[2][b] (3d ed. 1997).

Future petitions for rehearing will be entertained.

**IT IS SO ORDERED.**

## OPINION

D.W. NELSON, Circuit Judge:

Leonard McSherry appeals the district court's order granting defendant City of Long Beach's ("City's") motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. The court granted defendant's motion on the first day scheduled for trial, prior to the presentation of any evidence in the case. We conclude that the motion was inappropriately granted, and accordingly reverse and remand the decision.

McSherry also appeals the denial of two evidentiary motions *in limine* and requests reassignment of the case to a different judge on remand. We cannot review the district court's evidentiary rulings because those rulings are not final decisions reviewable under 28 U.S.C. § 1291. We deny the request for reassignment.

## I.

Plaintiff McSherry brings this civil action against the City of Long Beach, alleging that the City and its employees, Officers Turley and Roberson, violated his constitutional rights during an investigation that led to his conviction for child molestation. McSherry had served nearly fourteen years of a 48-year to life prison sentence before DNA evidence exonerated him and the Superior Court of Los Angeles County ordered his release.

The investigation at issue in this case concerned the kidnapping, molestation, and rape of a six-year-old girl in March 1988. Her abduction from a playground in Long Beach, California, was witnessed by her four-year-old brother. Long Beach Police Department (LBPD) investigators first interviewed the victim about ten hours after she was released by the perpetrator. According to McSherry's pretrial contentions

of fact, during her first interview with police, the victim described the perpetrator as "a white male with black hair and mustache [who] was short, fat and older than her grandfather." She told the officers that he made her get into a "green 'strange car.' " Her younger brother told police that his sister got into a green car with a man who was "red in color" and had black hair. Five days later, a neighbor reported to the police that, on the day of the abduction, she had seen a suspicious looking man in the area where the victim was abducted. Her description in several ways matched the description given by the victim. The neighbor also had seen an unfamiliar green pickup truck in the area.

McSherry contends that the victim told the police that the perpetrator drove her to a place that had numbers on the door and had only two rooms, a bedroom and a bathroom. She described the building as a brown house with stairs, and said that she had been upstairs in a bedroom with a television and without pictures on the walls.

Several weeks after the incident, after the investigation had not provided any leads, defendant Officer Turley interviewed the victim in the presence of a social worker at a children's psychiatric facility. Turley showed the victim six photos in an attempt to determine if a suspect who matched the victim's initial description was the perpetrator. Although his appearance did not conform to the victim's description, McSherry's photo was among the choices.[1] The victim allegedly identified McSherry as the perpetrator two times. Several days later, Turley showed the victim the same photos as in the earlier array, and she again identified McSherry. Turley also showed the victim photos of cars, and she reportedly identified McSherry's father's yellow Mazda station wagon as the vehicle she rode in. The victim also participated in a lineup. Although she failed to identify McSherry, she identified him

---

[1]McSherry resided in the area and had a prior conviction for child molestation.

to police immediately after she left the room, stating that she had been afraid to identify him during the lineup.

McSherry was arrested on May 17 at his grandparents' home. Defendants Turley and Roberson interrogated McSherry, who provided a detailed description of the interior of the house. The next day, Turley interviewed the victim to obtain a description of the place to which she had been taken. The victim reportedly identified a photo of McSherry's grandparents' house, though it did not match her earlier descriptions. She allegedly provided a detailed description of the interior, including the content of pictures on the wall, the color of sheets and blankets on the bed, and the color and location of furnishings in the room. Turley served a search warrant on McSherry's grandparents' house the following day. McSherry contends that in her next interview with police, the victim added more details to her description of the interior of the house, including the shape of a mirror, how doors opened, the location of a photograph, and the sound of a bird in the next room. The description conformed to the interior of a bedroom in McSherry's grandparents' house.

McSherry was convicted on the basis of the victim's and her neighbor's testimony and in-court identifications, and Turley's testimony about the victim's identification and description of McSherry's grandparents' house. He was sentenced to 48 years to life in prison.

In December 2001, McSherry had served nearly fourteen years of his sentence when DNA analysis revealed that he had not committed the crimes. The DNA matched that of George Valdespino, who was serving a life sentence in California state prison at the time of McSherry's release. Valdespino had been arrested in Costa Mesa one week after the abduction, and was charged at that time with kidnapping and molesting a four-year-old girl. In December 2001, Valdespino admitted in a taped confession that in 1988 he had kidnapped a girl in

the Long Beach area in a green Ford Ranchero and taken her to a motel room to molest her.

The victim testified at a deposition in 2002 that she was impatient during her interviews with Turley and just wanted to play. She recalled that Turley pointed to a number of photos during the interview. McSherry contends that the victim stated that she had not identified the yellow Mazda as the car she was kidnapped in, and that she did not give a description of the place she was taken as Turley testified at the trial.

In May 2002, McSherry filed a complaint under 42 U.S.C. § 1983 alleging that the City of Long Beach, the LBPD, and Officer Turley violated McSherry's Fourth, Fifth, and Fourteenth Amendment rights. Turley's supervisor, Roberson, was added as a defendant in April 2003. McSherry alleged that Turley and Roberson violated his rights to due process of law and freedom from unreasonable seizures and searches. He contended that the City of Long Beach maintained policies or practices that included failure to train or supervise officers on investigation procedures and reckless retention or assignment of officers. The court ordered that the proceedings be trifurcated into separate trials on individual liability, municipal liability, and damages, and that the liability of Officers Turley and Roberson be tried first.

Just before trial was scheduled to begin, the defendants filed a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50, arguing that the individual officers had qualified immunity and thus that there was no evidence from which a jury could reach a finding of individual liability. The court permitted McSherry to file a response, "[i]f [he] thought it [was] appropriate." McSherry's response indicated that he considered the motion an inappropriate attempt to smoke out his trial strategy. He included no evidence with his filing; the defense included only limited evidentiary support with its motion. The court heard argument a week later, on the first day scheduled for trial.

In its oral ruling, the court stated that "qualified immunity is not necessarily a jury issue and should be determined . . . at the earliest possible time." The court determined that *Devereaux v. Abbey*, 263 F.3d 1070, 1075-76 (9th Cir. 2001) (en banc), precluded a constitutional claim based on the use of improper interview techniques. Thus, according to the district court, the primary issues in the case were whether the defendants had acted in a way that they knew or should have known would produce a false result, or whether the defendants had presented fabricated evidence. The court concluded that McSherry had not presented evidence showing that the officers had fabricated evidence or acted in a way that would produce a false result, and thus that he had not shown that the defendants had violated his due process rights. The court granted qualified immunity to Turley and Roberson, dismissed the individual liability claims against them, and dismissed the municipal liability claims as pendant to the individual liability claims. McSherry urges that the dismissal was improper under Rule 50.

## II.

The pre-trial use of Rule 50 in this case presents a matter of first impression in this circuit. Indeed, it is difficult to find any case making a comparable use of the rule. We review the grant of judgment as a matter of law de novo to determine whether the use of Rule 50 at the outset of trial, prior to the presentation of any evidence, is appropriate. *See City Solutions, Inc. v. Clear Channel Comm. Inc.*, 365 F.3d 835, 839 (9th Cir. 2004). We conclude that this use of Rule 50 is not supported by the language of the rule, the advisory committee's notes, or caselaw governing the proper use of Rule 50. Accordingly, we remand for further proceedings.

**[1]** The text of Rule 50(a) provides:

If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient eviden-

tiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). Thus, Rule 50(a) presumes that a jury trial has begun, and that the nonmoving party "has been fully heard" on the issue prior to the court's ruling. However, Rule 50(a)(2) provides:

Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

Fed. R. Civ. P. 50(a)(2). Defendants urge that their motion is proper under Rule 50(a)(2), pointing to the language authorizing motions "at any time before submission of the case to jury" as supporting the principle that a Rule 50 motion may be made at, literally, "any time" once a trial has commenced, regardless of the state of evidence admitted.

[2] We decline to adopt this interpretation of Rule 50(a)(2). Nothing about the language or structure of the provisions suggests that Rule 50(a)(2) has a force independent of Rule 50(a)(1). Reading the two provisions together, it is apparent that Rule 50(a)(1) sets forth the standards under which a court may grant judgment as a matter of law, while Rule 50(a)(2) explains when a party may make a motion. The latter section thus supplements the former by instructing the moving party that it may file a motion until the case is submitted to the jury, but does not eliminate the substantive requirement that a party be "fully heard" on an issue prior to the grant of judgment as a matter of law.

**[3]** Among the panoply of Federal Rules of Civil Procedure are several mechanisms for a party to obtain a pre-trial dismissal of an action, none of which the defendants employed here: a motion for dismissal for failure to state a claim pursuant to Rule 12(b)(6), a motion for judgment on the pleadings under Rule 12(c), and a motion for summary judgment under Rule 56. Defendants effectively ask us to read Rule 50(a)(2) as establishing an additional procedure to dismiss a case before trial. Although the standard for granting a motion for summary judgment is identical to that for granting a judgment as a matter of law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), Rule 50(a)(2) is not intended as an alternative mechanism for obtaining summary judgment, as the advisory committee notes make clear. *See* Fed. R. Civ. P. 50, Advisory Comm. Notes to 1991 Amends., Subdivision (a).

The advisory committee notes to the 1991 Amendments explain that motions must be made "prior to the close of the trial," in order "to assure the responding party an opportunity to cure any deficiency in that party's proof that may have been overlooked until called to the party's attention . . . ." *Id.* To that extent, the advisory committee noted that Rule 50(a)(2) "impose[s] a requirement that the moving party articulate the basis on which a judgment as a matter of law might be rendered" so as to inform the non-moving party how it might correct the deficiencies. *Id.* It is apparent, therefore, that the language in Rule 50(a)(2) is not intended to permit pre-trial motions but rather to prevent the moving party from waiting until it is too late for the non-moving party to perfect its case. *See also Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) (noting that "a major purpose" of a motion under Rule 50(a) is to give the non-moving party notice of the deficiency).

**[4]** The advisory committee notes also make clear that a court may not grant a motion for judgment as a matter of law before a party has presented evidence in the case. The court is authorized to grant judgment as a matter of law "at any time

during the trial, as soon as it is apparent that either party is unable to carry a burden of proof" required, and it may rule "as soon as a party has completed a presentation on a fact essential to that party's case." Fed. R. Civ. P. 50, Advisory Comm. Notes to 1991 Amends., Subdivision (a).

> Such early action is appropriate when economy and expedition will be served. In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact.

*Id.* While "early action" is thus permissible under Rule 50, the "early action" at issue here was *too* early: McSherry was not afforded an opportunity to present evidence bearing on the issue of qualified immunity, nor was he "apprised of the materiality of the dispositive fact." *Id.* Although McSherry was permitted to file an opposition, he was not informed that the court would treat the defense's motion as one for summary judgment, nor that the failure to present evidence to the court prior to trial would be fatal to his case.

[5] Although cases exist in which courts have granted judgment as a matter of law at very early stages in the proceedings, none suggests that such a motion should have been granted under the circumstances presented here. *See Moore v. J.H. Matthews & Co.*, 473 F.2d 328, 329-30 (9th Cir. 1973) (construing a judgment as a matter of law granted after opening statements as a judgment on the pleadings); *United States v. Vahlco*, 720 F.2d 885, 889 (5th Cir. 1983) (cautioning that it did not "much approve of the irregular procedure that the trial court followed in granting a directed verdict before the non-moving party had a chance to put in evidence"). The Fifth Circuit recently considered whether a plaintiff could be considered to be "fully heard" under Rule 50 where the district court granted a motion for judgment as a matter of law before the plaintiff had finished presentation of evidence.

*Echeverria v. Chevron USA Inc.*, 391 F.3d 607, 611-12 (5th Cir. 2004). Adopting the views of the D.C. and Sixth Circuits, the court concluded that "a party has not been fully heard until he has submitted all of his evidence and closed his case." *Id.* at 611-12 (citing *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004); *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999)). Under the rationale of *Echeverria*, McSherry certainly had not been fully heard; he had presented no evidence.[2] We hold that the district court may not grant a motion filed under Rule 50 prior to the presentation of any evidence in a case.[3] The district court cannot grant such a motion because the non-moving party must be afforded the opportunity to present evidence, and the court must evaluate that evidence in order to grant a motion under Rule 50.

Defendants argue that because qualified immunity is a complete immunity from suit, we should sanction the pre-trial use of Rule 50 in this case. Although qualified immunity should be determined as early as possible, *see Saucier v. Katz*,

---

[2]The motion filed by defendants also cannot serve as the basis for a renewed motion of judgment as a matter of law under Rule 50(b), because the timing and content of the motion could not have genuinely alerted plaintiff to any evidentiary deficiencies in his case. *See* Fed. R. Civ. P. 50, Advisory Comm. Notes to 1991 Amends., Subdivision (a) (noting that the requirement in Rule 50(a)(2) that a motion contain the law and facts on which a party is entitled to judgment is intended to ensure such information is provided prior to the issuance of a judgment against the verdict under Rule 50(b)).

[3]This case does not involve, and thus we need not address, whether our holding should encompass a judgment as a matter of law granted after opening statements. *See Moore*, 473 F.2d at 329 n.2, 330, 332 (intimating that "the allegations of the pleadings, the evidence before the court, and the promises of evidence recited in [the] opening statement" can be insufficient as a matter of law to warrant any relief, permitting the court to rule on a motion for judgment as a matter of law under Rule 50(a)(1) at that juncture of the case). *See generally* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2533 (2d ed. 1995); 9 James Wm. Moore et al., Moore's Federal Practice ¶ 50.20[2][b] (3d ed. 1997).

533 U.S. 194, 200-01 (2001), this policy does not override our concern that McSherry was not provided an adequate opportunity to present evidence in his case. Furthermore, disputed issues of fact evident on the face of McSherry's pre-trial contentions of fact render judgment as a matter of law on the basis of qualified immunity inappropriate at this time.

Treating the motion as a motion for judgment on the pleadings,[4] it may be granted only if, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Pre-trial dismissal on qualified immunity grounds is inappropriate if the plaintiff establishes that material issues of fact exist. *LaLonde v. County of Riverside*, 204 F.3d 947, 953 n.10 (9th Cir. 2000); *see also id.* at 963 ("[T]he facts are disputed, and the disputed facts here should have been submitted to the jury, even when qualified immunity *from suit* was an issue.") (Trott, J., concurring in part and dissenting in part). "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux*, 263 F.3d at 1074-75. The facts alleged by McSherry support a claim of deliberate fabrication, and thus, on the basis of the pleadings, the defendants are not entitled to qualified immunity as a matter of law. McSherry contends that the victim did not provide, nor could she have provided, the detailed description of the interior of McSherry's grandparents' house because she was never in the house. Turley, however, testified during McSherry's prosecution that the victim provided a detailed, and accu-

---

[4]Although McSherry was afforded an opportunity to file an opposition to defendants' motion for judgment as a matter of law, he was not informed that he should treat the motion as a motion for summary judgment and provide evidence in support of his claims. The judge could have exercised his discretion to convert defendants' motion to a summary judgment motion, but he did not notify the parties of his intention do so. We therefore treat the motion substantively as though it were a motion for judgment on the pleadings.

rate, description of the interior of the home. McSherry has raised a disputed issue of fact as to whether defendants fabricated some of the evidence used to obtain McSherry's conviction. Although the evidence, when presented, may cast a different light on the factual dispute, we cannot disregard McSherry's contentions at this time.

Because the district court inappropriately granted judgment as a matter of law before McSherry had an opportunity to be fully heard on the issue of qualified immunity, we remand the case to the district court for further proceedings consistent with this opinion.

## III.

**[6]** The parties argued numerous motions *in limine*, of which two are contested on appeal. Although neither party raises the question of our ability to review these rulings, we have an independent obligation to determine whether we have subject matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004). We conclude that we may not review these questions because the district court's preliminary evidentiary rulings are not final decisions reviewable under 28 U.S.C. § 1291. *See United States v. Luce*, 469 U.S. 38, 41-42 (1984); *Coursen v. A. H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir.), *corrected by* 773 F.2d 1049 (9th Cir. 1985); *see also Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996).[5] No exception to the final decision rule of 28 U.S.C.

---

[5]Although both *Coursen* and *Palmieri* involved litigants who attempted to evade the bar on review of non-final decisions by obtaining dismissal of their cases in order to appeal the interlocutory orders, that McSherry is before us through no fault of his own is of no moment: the decisions on appeal are not final. *See Coursen*, 764 F.2d at 1342 ("In this case appellants did not seek an interlocutory appeal of the *in limine* ruling but rather sought to obtain review of that ruling by moving for an involuntary dismissal with prejudice. Appellant cannot make a nonfinal order appealable by the simple expedient of taking a voluntary nonsuit and appealing.") (internal quotation marks and citation omitted). *Palmieri*, 88 F.3d at 139 (noting that "[t]his appeal illustrates the problems that arise when a party tries to evade the final judgment rule").

§ 1291 exists under which we may review the district court's *in limine* rulings.

The reason that we may not review such rulings is clear. For one, as the Supreme Court has noted:

> Any possible harm flowing from a district court's *in limine* ruling . . . is wholly speculative. The ruling is subject to change when the case unfolds. . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.

*Luce*, 469 U.S. at 41-42. Furthermore, we may reverse the district court's evidentiary rulings only if McSherry demonstrates that he has been prejudiced by the ruling, such that any error "more probably than not . . . tainted the verdict." *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001). "It is impossible to determine whether the movant will be prejudiced by such ruling absent a trial, a ruling in the context of trial, and the return of a verdict." *Coursen*, 764 F.2d at 1342. We conclude that we lack jurisdiction to review the rulings, and so do not reach the merits of these questions.

## IV.

**[7]** McSherry requests that the case be remanded to a different judge, arguing that "unusual circumstances" support a reassignment. This court has the authority to remand a case to a different judge, but generally only does so if the judge has shown a personal bias or if "unusual circumstances" exist. *United States v. Sears Roebuck & Co., Inc.*, 785 F.2d 777, 779-80 (9th Cir. 1986). The factors for an "unusual circumstances" remand are:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-

> expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* at 780. If either of the first two factors is present, reassignment is appropriate. *Id.* We conclude that this case does not call for the extraordinary measure of reassignment.

McSherry points to the judge's decision to limit the length of trial as evidence that the judge was biased. In considering the judge's stringent time limitations, we note that "[t]rial courts have broad authority to impose reasonable time limits. Such limits are useful to 'prevent undue delay, waste of time, or needless presentation of cumulative evidence.' " *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (citation omitted). Furthermore, the burden of a shorter trial fell upon both parties.

McSherry also argues that the judge's decision to grant the Rule 50 motion suggests that he prejudged the evidence in the case. The judge indicated that McSherry had not presented any evidence that the LBPD fabricated testimony. This was an admittedly unfair conclusion, because McSherry had not really presented any evidence. However, this does not mean that the judge would not consider the evidence fairly once presented.

In general, the judge treated the parties evenhandedly and with respect. He noted that he was "extremely impressed with the professionalism" of the parties. Both sides won and lost some evidentiary motions *in limine*. The court granted McSherry's motion to retax costs, penalizing the defense for delay in bringing its qualified immunity motion. Although the court erroneously granted defendants' Rule 50 motion, the record does not indicate that the judge would have "substan-

tial difficulty in putting out of his or her mind previously-expressed views." *Sears Roebuck & Co., Inc.*, 785 F.2d at 780. Considerations of judicial efficiency also counsel that the judge who has ruled on motions *in limine* and is familiar with the parties' trial plans would be best situated to serve as the judge on remand, whether for trial or for other proceedings as appropriate.

## *CONCLUSION*

Because the district court inappropriately granted the City of Long Beach's motion for judgment as a matter of law before any evidence had been presented, we reverse the grant of judgment as a matter of law. We remand the case for further proceedings as the district court deems appropriate. We do not have jurisdiction to review the evidentiary rulings because such rulings are not final decisions reviewable under 28 U.S.C. § 1291. We deny the request for reassignment.

**REVERSED and REMANDED.**