**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOY BLACK SUMMERS, as Personal
Representative of the Estate of
Betty Jane Black, deceased,
 *Plaintiff-Appellant/Cross-Appellee,*

v.

DELTA AIR LINES, INC., and
SKYWEST AIRLINES, INC.,
        *Defendants-Appellees/Cross-*
                    *Appellants,*

          and

DOES 20,
                *Defendants.*

Nos. 05-35220
        05-35268

D.C. No.
CV-03-00134-
LBE

OPINION

Appeal from the United States District Court
for the District of Montana
Leif B. Erickson, Magistrate Judge, Presiding

Argued and Submitted
February 7, 2007—Seattle, Washington

Filed November 27, 2007

Before: Susan P. Graber, Richard A. Paez, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Dane J. Durham, Sebastopol, California, for the plaintiff-appellant/cross-appellee.

Mark S. Williams, Williams Law Firm, P.C., Missoula, Montana, for the defendants-appellees/cross-appellants.

**OPINION**

GRABER, Circuit Judge:

Betty Jane Black disembarked from a SkyWest Airlines airplane, slipped and fell, and suffered injuries that allegedly led to her death. Plaintiff Joy Black Summers, Mrs. Black's daughter-in-law and the personal representative of her estate, brought suit against Defendants Delta Airlines and SkyWest Airlines, alleging that Defendants negligently failed to provide wheelchair assistance to Mrs. Black. Trial commenced but, before Plaintiff completed her case-in-chief, the district court granted judgment as a matter of law to Defendants on all claims. On appeal, we examine two procedural requirements in Federal Rule of Civil Procedure 50(a): that, before the district court may grant judgment as a matter of law, (1) the moving party must specify "the judgment sought and the law and the facts" forming the grounds for its motion and (2) the nonmoving party must be "fully heard" on those grounds.

## FACTUAL AND PROCEDURAL HISTORY

In late 2002, Decedent Betty Jane Black, aged 78 and traveling alone, flew round-trip from Missoula, Montana, to Atlanta, Georgia, on flights jointly operated by Defendant airlines. Her itinerary included plane changes in Salt Lake City, Utah, both on her initial trip to Atlanta and on her return flight to Missoula. A relative had bought Decedent's ticket and requested wheelchair assistance. Defendants provided wheelchair assistance on the first three legs of the trip. On the last leg of the trip, however, the flight crew departing from Salt Lake City erroneously believed that no passenger required wheelchair assistance, and they so informed their counterparts at the Missoula airport.

Upon arrival in Missoula, Decedent eventually left the aircraft on foot and began walking up the jetway,[1] an extendable enclosed ramp leading from the terminal to the door of the aircraft that facilitates the movement of passengers to and from the aircraft. Partway up the ramp of the jetway, Decedent either tripped or slipped on a metal ledge, fell backward, and struck her head on a jagged piece of metal. Her fall resulted in a mild concussion and a 3-centimeter gash on her head, which bled profusely. She was taken to a hospital, treated, and released. On January 27, 2003, nearly three months after her fall, Decedent died, allegedly due to complications arising from the injuries suffered in the fall.

Plaintiff sued in state court, and Defendants removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(a). A jury trial began on Monday, December 13, 2004, and was scheduled to last at least one week. By agreement of the parties and with the consent of the district court, one of Plaintiff's key lay liability witnesses, Dr. William Doyle, was set to testify late in the week, on Friday, December 17, to accommodate his schedule. Dr. Doyle, a fellow passenger on the plane who also happens to be an emergency room physician, was standing only a few feet away from Decedent when she fell.

On the second day of trial, Tuesday, December 14, Defendants moved for judgment as a matter of law, citing two specific deficits in Plaintiff's case-in-chief. Plaintiff opposed the motion and filed a brief the next morning, on Wednesday, December 15, contesting the two issues raised by Defendants' motion. Early in the afternoon of the same day, the district

---

[1]A disputed fact at trial was whether, and to what extent, Decedent waited for a wheelchair. Another disputed fact was whether a wheelchair was present in the jetway. In reviewing a grant of judgment as a matter of law, we must view the evidence in the light most favorable to the non-moving party, and we must draw all reasonable inferences in favor of that party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-50 (2000).

court asked for an offer of proof from Plaintiff's lawyer as to what the remaining liability witnesses would say. Plaintiff's lawyer replied that he had telephoned Dr. Doyle during the lunch break, and the lawyer relayed the content of that conversation.

After a five-minute recess, the district court granted judgment as a matter of law to Defendants. The legal bases for the decision, however, were different from those raised in Defendants' motion. Plaintiff immediately objected, but the district court stood by its ruling.

The next week, Plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. The district court denied the motion for a new trial in a written order. In that order, the district court reaffirmed its earlier ruling but added one of the arguments in Defendants' motion as an additional basis for the grant of judgment as a matter of law. Plaintiff timely appealed, and Defendants cross-appealed on an evidentiary issue.

## STANDARDS OF REVIEW

We review de novo a district court's grant of judgment as a matter of law. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1019 (9th Cir. 2005). We review for abuse of discretion the district court's decision to admit expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

## DISCUSSION

A.   *Judgment as a Matter of Law*

The district court's grant of judgment to Defendants as a matter of law before the close of Plaintiff's case-in-chief requires us to examine the procedural requirements of Federal Rule of Civil Procedure 50(a). In particular, we must determine (1) whether the court erred by granting judgment as a

matter of law on grounds not raised in Defendants' motion, and (2) whether the court erred by requiring Plaintiff to make an offer of proof instead of introducing the live testimony of a key liability witness.

**[1]** Rule 50(a) reads in full:

> (1) If during a trial by jury a party has been *fully heard* on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall *specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment*.

Fed. R. Civ. P. 50(a) (2004) (amended 2006) (emphases added).[2] Rule 50(a) thus allows a court to remove "issue[s]"—claims, defenses, or entire cases—from the jury when there is no "legally sufficient evidentiary basis" to support a particular outcome. *Id.* But the Rule prescribes certain procedures: A party must be "fully heard" before the court may grant judgment as a matter of law, Fed. R. Civ. P. 50(a)(1), and a motion must "specify the judgment sought and the law and

---

[2]The quoted version of the Rule was in effect during the trial. We note that the Rule recently was amended, but the amendments were "intended to be stylistic only." Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment.

the facts on which the moving party is entitled to the judgment," Fed. R. Civ. P. 50(a)(2).[3]

The advisory committee note, which "guides our interpretation of Rule 50," *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996), explains that Rule 50(a)(1)

> authorizes the court to consider a motion for judgment as a matter of law as soon as a party has completed a presentation on a fact essential to that party's case. Such early action is appropriate when economy and expedition will be served. In no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact.

Fed. R. Civ. P. 50 advisory committee's note to 1991 amendments. Additionally, the requirement that the motion "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment," Fed. R. Civ. P. 50(a)(2), allows the responding party an opportunity "to correct any overlooked deficiencies in the proof." Fed. R. Civ. P. 50 advisory committee's note to 1991 amendments.

In essence, the machinery of Rule 50(a) operates to achieve a balance between competing, desirable goals. On the one hand, "economy and expedition" are served by cutting short

---

[3]Defendants argue that a literal reading of the text of Rule 50(a)(2) means that the district court may grant a motion "at any time," even if the nonmoving party has not been "fully heard" as required by Rule 50(a)(1). This argument is foreclosed by *McSherry*, 423 F.3d at 1019:

> [Rule 50(a)(2)] supplements [Rule 50(a)(1)] by instructing the moving party that it may file a motion until the case is submitted to the jury, but does not eliminate the substantive requirement that a party be "fully heard" on an issue prior to the grant of judgment as a matter of law.

trials containing legally insufficient evidence "as soon as it is apparent that [a] party is unable to carry a burden of proof that is essential to that party's case." *Id.* On the other hand, the procedural requirements that, before a motion may be granted, a party must be "fully heard on an issue" and be given an opportunity to correct any deficiencies assure fairness to the parties and promote the trial court's fact-finding role. *See generally Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1428-29 (9th Cir. 1986) (describing the "important purposes" of Rule 50(a)).

### 1. *The District Court's Original Grant of Judgment as a Matter of Law*

Defendants' motion for judgment as a matter of law rested on two legal grounds—proximate cause and the defectiveness of the jetway—and therefore complied with Rule 50(a)'s requirement that the motion "specify the judgment sought and the law and the facts" underlying the motion. Understandably, and as envisioned by Rule 50(a), Plaintiff limited her brief in opposition, her last-minute telephone conversation with Dr. Doyle, her offer of proof, and her oral argument to the two grounds raised in Defendants' motion. Ruling from the bench, though, the district court granted judgment as a matter of law on three legal bases not raised in Defendants' motion and not otherwise previewed to Plaintiff—breach of duty, comparative fault, and breach of contract. Plaintiff's lawyer immediately objected that "there was no motion made on this legal basis." The court responded, "[w]ell, if I expanded the motion beyond its scope, mea culpa. But I still stand by that ruling." It is therefore clear from the record that Plaintiff never was given an opportunity to address—either with evidence or with arguments—the legal bases for the district court's ruling.

**[2]** A party who has been called on to respond to a Rule 50(a) motion must have a meaningful opportunity to reply and must not be sandbagged by a decision on grounds not properly noticed. In *Waters*, we reversed the district court's grant

of judgment as a matter of law to the defendant immediately following the close of the plaintiff's case, because the court had neither explained the basis for its ruling nor given the plaintiff an opportunity to cure any deficiencies. 100 F.3d at 1441. We held that "Federal Rule of Civil Procedure 50 requires district courts to apprise parties of the deficiencies in their proof, and to give them an opportunity to present further evidence on the dispositive facts, before granting judgment as a matter of law against them." *Id.* at 1442; *accord Teneyck v. Omni Soreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004). Although the district court in this case gave Plaintiff an opportunity to address the matters raised in Defendants' motion, "that 'opportunity' [wa]s rendered meaningless," *Waters*, 100 F.3d at 1441, when the court granted the motion on wholly different grounds. Plaintiff was neither apprised of the alleged deficiencies in her proof nor given the opportunity to cure such deficiencies. We therefore hold that the district court erred in granting judgment as a matter of law to Defendants on legal bases neither raised in Defendants' motion nor otherwise previewed to Plaintiff by the district court.

## 2.  *The District Court's Amended Ruling*

In its written order denying Plaintiff's motion for a new trial, the district court amended its grant of judgment as a matter of law to include the issue of proximate cause—one of the arguments raised in Defendants' motion and addressed by Plaintiff. Before we can reach the merits of whether the district court properly granted judgment as a matter of law on the basis of proximate cause, however, we first must address whether the record is adequate for appellate review and, more specifically, whether the method of proof required by the district court in this case—an offer of proof—is permissible in light of Rule 50(a)'s requirement that a party be "fully heard."

By prior agreement of the parties and with the consent of the district court, Dr. Doyle was scheduled to testify on Friday, December 17, 2004. On Wednesday morning, however,

the district court expressed a desire to rule on Defendants' motion for judgment as a matter of law. Plaintiff's lawyer was able to telephone Dr. Doyle during the lunch break and, on the instruction of the district court, relayed the gist of the conversation as an offer of proof as to Dr. Doyle's anticipated testimony. But the court precluded Plaintiff from eliciting Dr. Doyle's testimony live, before the jury. We hold that the court, in so doing, violated the requirement that a party be "fully heard" before a judgment as a matter of law may be granted.

**[3]** As the advisory committee's note makes clear, Rule 50(a)(1) "authorizes the court to consider a motion for judgment as a matter of law *as soon as a party has completed a presentation on a fact essential to that party's case*." Fed. R. Civ. P. 50 advisory committee's note to 1991 amendments (emphasis added). Once trial has begun, the presentation of a party's case is generally achieved—unless a fact is stipulated—through evidentiary exhibits and live testimony, not through offers of proof. Plaintiff had not completed her presentation on *any* of the essential disputed facts because Dr. Doyle, a percipient witness on liability, had not testified yet. Dr. Doyle was on the same flight as Decedent and stood only a few feet away from her when she fell in the jetway. He therefore was in a position to testify concerning (among other issues in dispute) the amount of time, if any, Decedent waited on the plane, the presence or absence of a wheelchair in the jetway, and the general conditions of the jetway.

**[4]** We hold that, when a party seeks during trial to present relevant and admissible testimony from a witness on a disputed issue, Rule 50(a) precludes the district court from requiring that the testimony be given through an offer of proof instead.[4] Our holding today parallels a recent ruling by the

---

[4]Nothing in our opinion affects the trial court's authority to require an offer of proof under Rules 103, 402, and 403 of the Federal Rules of Evidence when ruling on a challenge to the relevance and admissibility of evi-

Fifth Circuit. In *Echeverria v. Chevron USA Inc.*, 391 F.3d 607, 609 (5th Cir. 2004), the plaintiff was partway through his case-in-chief when the district court "questioned Echeverria's lawyer about his remaining evidence on liability" and then indicated his inclination to grant judgment as a matter of law to the defendants. *Id.* "The [district] court then gave Echeverria's lawyer a chance to respond and invited him to proffer the evidence he would have presented." *Id.* at 610. Echeverria's lawyer did so, but the district court was unconvinced and granted judgment as a matter of law to the defendants. *Id.* The Fifth Circuit reversed, holding that, for purposes of Rule 50(a), an offer of proof is insufficient because "it is essential that the nonmoving party be permitted to present all of its evidence [on the disputed 'issue']." *Id.* at 612. *See also Francis v. Clark Equip. Co.*, 993 F.2d 545, 555 (6th Cir. 1993) ("Rule 50(a) contemplates that a ruling will be made on the basis of the testimony and documents submitted into evidence.").

We agree with the Fifth and Sixth Circuits that the requirement that a party be "fully heard" not only allows the district court to make an informed decision, but also allows us to review the decision. *See Echeverria*, 391 F.3d at 610-11 (stating that "the use of 'proffered' summaries of the evidence inhibits [an appellate] [c]ourt's review of whether a directed verdict was proper" (internal quotation marks and brackets omitted)); *Francis*, 993 F.2d at 555 ("[I]t is impossible for this court to review whether, when all reasonable inferences from the evidence are construed in favor of the nonmoving party, a reasonable juror could find in favor of the nonmoving party if he is precluded from presenting the evidence he considers relevant."). Without the testimony and documents on an

---

dence. Of course, if a proper offer of proof under those Rules unearths no relevant and admissible evidence on a dispositive issue, there would be nothing further to be "fully heard," and a ruling under Rule 50 might then be proper. But, in this case, Dr. Doyle's testimony is directly relevant and clearly admissible. Not surprisingly, no party challenged Dr. Doyle's testimony under the Rules of Evidence.

essential disputed issue, we cannot make a fully informed decision as to whether a grant of judgment as a matter of law would have been appropriate following a party's presentation of evidence on that issue.

Rule 50(a)'s requirement that a party be allowed to complete its presentation on an essential issue is not unduly burdensome. When a case proceeds to trial, there are material issues of fact for a finder of fact to resolve. Rule 50(a) allows the district court to end the trial if, after a party has introduced all evidence on a dispositive issue, it becomes apparent nevertheless that the party cannot prevail. The Fifth Circuit's words apply with equal force here:

> Ultimately, the district judge may be right about the sufficiency of [the plaintiff's] evidence on [the disputed issue], but endorsing a practice of prematurely entering judgment would circumvent Rule 50's requirement that a party be fully heard, and would require this court to review a [judgment as a matter of law] without all of the plaintiff's evidence. Because the purpose of Rule 50 is, in part, to weigh the sufficiency of the evidence before the case is submitted to the jury, it is essential that the nonmoving party be permitted to present all of its evidence. Rule 50 is intended to shorten and end needless trials, but that objective can be achieved by simply waiting until the plaintiff rests—at least, waiting until the plaintiff rests on [the disputed issue].

*Echeverria*, 391 F.3d at 612 (footnotes omitted).

[5] The requirement that a party complete its presentation on a disputed issue does not necessarily mean that the district court must wait until the party has completed its *entire* case. As explained by the advisory committee's note, the Federal Rules of Civil Procedure are structured "to encourage the court to schedule an order of trial that proceeds first with a

presentation on an issue that is likely to be dispositive, if such an issue is identified in the course of pretrial." Fed. R. Civ. P. 50 advisory committee's note to 1991 amendments; *see also* Fed. R. Civ. P. 16(c)(13)-(14). Nothing in our opinion today affects the wide discretion that a district court enjoys to control the *order* of proof; we merely require that the usual *method* of proof—through live witness testimony—cannot be foreclosed, at least with respect to a key witness scheduled to provide relevant and admissible testimony as part of the party's case-in-chief on an essential issue. For example, instead of requesting an offer of proof, the district court could have required Plaintiff to finish presenting her liability witnesses before proceeding to her damages witnesses. By requiring an offer of proof, however, the district court's grant of judgment as a matter of law under Rule 50(a) ran afoul of the requirement that Plaintiff be "fully heard," because Plaintiff had not completed her presentation of relevant and admissible evidence on a dispositive issue. We therefore must reverse and remand for a new trial.

## B.  *Cross-Appeal*

Defendants have cross-appealed, arguing that the district court should not have permitted Dr. Patenaude to testify as an expert. We are not persuaded that the district court abused its discretion when it allowed the testimony. The court conducted a lengthy voir dire examination of Dr. Patenaude, and Defendants have failed to cite controlling authority that doctors with Dr. Patenaude's qualifications are categorically ineligible to testify to their professional opinions.

On appeal, REVERSED and REMANDED for a new trial. On cross-appeal, AFFIRMED. Costs on appeal awarded to Plaintiff.