NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERVCO, INC., an Arizona corporation, | No. 09-17072 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-00452-ROS |
| DANIEL J. ERVIN, | |
| Plaintiff-counter-defendant - Appellant, | MEMORANDUM[*] |
| v. | |
| TEXACO REFINING AND MARKETING, INC., a Delaware corporation, | |
| Defendant - Appellee, | |
| EQUILON ENTERPRISES, L.L.C., a Delaware limited liability company, | |
| Defendant-counter-claimant - Appellee, | |
| v. | |
| SHARIE ERVIN, | |
| Counter-defendant - | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant.

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted November 5, 2010
San Francisco, California

Before: NOONAN, PAEZ, and BEA, Circuit Judges.

Ervco, Inc., and its owners, Daniel and Sharie Ervin, appeal: (1) the district court's pre-trial, sua sponte grant of judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(a)(1) in favor of Equilon Enterprises, LLC in Ervco's suit for alleged violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* ("PMPA"); (2) the grant of summary judgment on Equilon's contractual counterclaim; (3) the award of attorneys' fees to Equilon; and (4) several evidentiary determinations underlying those rulings. We have jurisdiction to consider the first three issues pursuant to 28 U.S.C. § 1291, and we reverse and remand. Because we reverse the district court's grant of JMOL, this court does not have jurisdiction to address Ervco's appeal of the district court's grant of Equilon's motions in limine striking Daniel Ervin's second declaration, Maria Kasem's declaration, and Ervco's damages figure. *See Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir. 1985) (holding that motions in limine are not themselves

2

final appealable orders under 28 U.S.C. § 1291 where there is no final decision on the merits of the litigation). The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

## I. Pre-trial Grant of JMOL

Ervco challenges the district court's pre-trial grant of Rule 50 JMOL.[1] Our circuit law clearly holds that Rule 50 JMOL—whether raised by the parties or *sua sponte* by the district court—cannot be granted before the trial has begun and the party's evidence on that issue has been fully heard <u>by the jury</u>. *McSherry v. City of Long Beach*, 423 F.3d 1015, 1019 (9th Cir. 2005) (reversing the district court's grant of Rule 50 JMOL at the outset of trial, before any evidence had been presented to the jury); *see also Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 928 (9th Cir. 2007) (reversing the district court's grant of Rule 50 JMOL during trial where the court required an offer of proof as to what the remaining witnesses would say, instead of allowing presentation of live testimony before the jury). Because the district court here granted its own Rule 50 motion for JMOL before the jury was empaneled or heard any evidence, its JMOL ruling must be reversed.

---

[1] Rule 50(a)(1) allows a court to grant JMOL "if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1)

3

We typically do not consider arguments on appeal which were not raised in the appellant's opening brief. *United States v. Ullah*, 976 F.2d 509, 513 (9th Cir. 1992). Here, Ervco failed specifically to raise in its opening brief the argument that a pre-trial grant of JMOL is per se violative of Rule 50(a)(1). However, this court has discretion to consider claims not mentioned until oral argument where the parties subsequently briefed the issue and its omission from the opening briefs has not prejudiced either party. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 930 (9th Cir. 2001) (considering an issue not raised in the parties' opening briefs after supplemental briefing by both parties); *see also Weiser v. United States*, 959 F.2d 146, 147 (9th Cir. 1992) (holding that this court can decide a case on any ground supported by the record, even if that ground was not raised by the parties or relied upon by the district court). Here, both parties filed supplemental briefs on the issue, and neither party will be unduly prejudiced by our consideration of the issue. Therefore, Ervco's argument that JMOL should not have been granted, given the language of Rule 50, can be considered.[2]

## II. Equilon's Contractual Counterclaim

---

[2] We also reject Equilon's argument that Ervco waived the Rule 50(a) issue by not raising this issue in its district court briefing. In light of the procedurally incorrect manner in which the district court invoked Rule 50(a) to enter judgment for Equilon, Ervco's objection to entry of a Rule 50(a) judgment at the pre-trial hearing was sufficient to preserve the issue for appellate review.

4

The district court also erred in granting summary judgment on Equilon's counterclaim for breach of contract. The district court erroneously concluded that Equilon could recover for Ervco's 11-month holdover tenancy regardless whether Ervco had a legal right, under the PMPA, to remain on the Property until it received a bona fide offer from Equilon. However, the district court reached this conclusion by mischaracterizing our holding in *Hilo v. Exxon Corp.*, 997 F.2d 641 (9th Cir. 1993). The district court read *Hilo* to hold that the determination of rights under a lease agreement was wholly separate from the parties' rights and obligations under the PMPA. In fact, *Hilo* held that franchisees <u>may</u> have a legal right to stay on the disputed property pending resolution of litigation over whether a bona fide offer was made or was required. *Id*. at 647. Whether Ervco had a legal right to occupy the property in question pending the outcome of litigation depends on the terms of the lease and the PMPA, and any other evidence relevant and admissible to interpret the terms of the lease and PMPA.

As the district court's award of liquidated and actual damages, attorneys' fees, and costs was premised on its unwarranted grant of summary judgment in favor of Equilon on the contractual counterclaim, these awards must also be reversed.

**REVERSED AND REMANDED.**

5