**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON SHAUN HARPER, | No. 08-16547 |
| Plaintiff - Appellant, | D.C. No. 2:04-CV-00339-FCD-JFM |
| v. | |
| DENISE L. HARMON, Supervising Cook; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Aaron Shaun Harper, a California state prisoner, appeals pro se from the

district court's judgement as a matter of law in his 42 U.S.C. § 1983 action alleging

violations of his constitutional rights arising from a prison disciplinary proceeding.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007), and we affirm.

The district court properly entered judgment as a matter of law on Harper's claim that his confinement in administrative segregation on false charges violated his due process rights. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) ("discipline in segregated confinement did not present the type of atypical, significant deprivation" required to create a liberty interest); *see also Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (procedural protections apply to disciplinary proceedings "only when the disciplinary action implicates a protected liberty interest"). Even assuming that there was a liberty interest at stake, the evidence showed that prison officials afforded Harper with all the process that he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (setting forth due process requirements in prison disciplinary proceedings).

The district court did not abuse its discretion by failing to grant a continuance sua sponte when one of Harper's witnesses was medically unavailable at trial, particularly where Harper did not show that he suffered prejudice. *See United States v. Orlando*, 553 F.3d 1235, 1237 (9th Cir. 2009) (reviewing for an abuse of discretion the decision to grant or deny a continuance, "even where, as here, no motion for continuance was made"); *United States v. Flynt*, 756 F.2d

2

1352, 1359 & n.7 (9th Cir. 1985) (setting forth factors to consider in reviewing denials of requests for continuances).

**AFFIRMED.**