**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON MCDANIELS, | No. 12-55047 |
| Plaintiff - Appellant, | D.C. No. 2:02-cv-00087-TJH-JC |
| v. | |
| MOBIL OIL CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted June 6, 2013[**]
San Francisco, California

Before: PREGERSON, W. FLETCHER, and BERZON, Circuit Judges.

In this state employment discrimination case, before us for the third time,

Plaintiff Don McDaniels appeals the district court's order granting Defendant

Mobil Oil Corporation's ("Mobil") Rule 50 motion for judgment as a matter of law

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with respect to McDaniels' claim of retaliatory discharge. *See* Fed. R. Civ. P. 50. We review the district court's order *de novo*, *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007), and may affirm on any ground supported by the record, *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 842 (9th Cir. 2004). We affirm.

**1.** The district court erred in concluding that McDaniels failed to establish a prima facie case of retaliation. Retaliatory discharge claims brought under California common law are analyzed under the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *see also Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1108-09 (2007). To establish a prima facie case of retaliation under that framework, McDaniels was required to establish that (1) he engaged in a "protected activity"; (2) Mobil subjected him to an "adverse employment action"; and (3) "a causal link existed between the protected activity and the employer's action." *Yanowitz*, 36 Cal. 4th at 1042; *see also Porter*

---

[1] McDaniels expressly renounces on appeal any argument that his case involves mixed motives, *i.e.*, that Mobil had both legitimate and illegitimate reasons for terminating him and that the improper retaliatory motive was a "substantial factor" in the termination decision. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 229 (2013).

*v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005); *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 214–15 (2013).

McDaniels provided evidence sufficient to satisfy this "not onerous" initial burden. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). The parties do not dispute that McDaniels satisfies the first two elements: he engaged in protected activity by raising environmental safety complaints to his supervisors and later was terminated. Rather, the district court held, and Mobil argues on appeal, that McDaniels failed to show a causal link between his safety complaints and his termination. We disagree.

McDaniels provided evidence indicating that at least one of his supervisors, Gary Brooks, was aware of McDaniels's safety complaints and involved in the relevant meetings at which McDaniels's employment status was discussed. McDaniels also supplied evidence that several other Mobil supervisors and personnel were aware of his safety complaints. That evidence was "sufficient for a reasonable trier of fact to infer that [Mobil] was aware that [McDaniels] had engaged in protected activity." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003); *see also Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69–70 (2000).

**2.** We nonetheless affirm. "Although intermediate evidentiary burdens shift back and forth under [the *McDonnell Douglas*] framework, [t]he ultimate burden of persuading the trier of fact that the defendant intentionally [retaliated] against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks omitted) (second alteration in original). A plaintiff may satisfy this burden "'by showing that the employer's proffered explanation is unworthy of credence,'" or pretextual. *Id.* (quoting *Burdine*, 450 U.S. at 256); *see also Horn v. Cushman & Wakefield W., Inc.*, 72 Cal. App. 4th 798, 807 (1999). Where, as here, a plaintiff relies on circumstantial evidence to prove a retaliatory motive, the plaintiff must provide "specific, substantial evidence of pretext." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (internal quotation marks omitted).

McDaniels failed to present any evidence that Mobil's proffered rationale—that McDaniels's health restrictions entirely precluded his continued employment at the refinery—was pretextual or otherwise unworthy of credence. *See Burdine*, 450 U.S. at 256. In short, McDaniels failed to provide a "legally sufficient evidentiary basis" from which a reasonable jury could have found in his favor. Fed. R. Civ. P. 50(a)(1).

4

**3.** The district court did not err in excluding the testimony of three former Mobil employees allegedly terminated for making safety complaints. McDaniels offered the three witnesses—all of whom were terminated decades before McDaniels, and only one of whom worked at the same refinery as McDaniels—for purposes of determining a proper punitive damages amount. The district court did not abuse its discretion in excluding these witnesses under Federal Rule of Evidence 403 during the liability phase of the trial. *Cf. Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002).

**4.** Finally, the district court did not deny McDaniels "an opportunity to present . . . available evidence bearing on" the veracity or legitimacy of Mobil's proffered rationale. Fed. R. Civ. P. 50, Advisory Comm. Note, 1991 Amendments. McDaniels was fully apprised of his ultimate burden of proving retaliation. *See Summers*, 508 F.3d at 927; *see also Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996).

The question whether McDaniels' health circumstances permitted him to do any job—even one that Mobil was not legally obligated to provide as an accommodation to McDaniels' disability—was the central question after our second remand. *See McDaniels v. Mobil Oil Corp. ("McDaniels II")*, No-09-55088 at 4 (9th Cir. Nov. 22, 2010) (unpub.) (discussing McDaniels' argument

5

"that Mobil *actually* terminated him for his whistleblowing activity," and that the "medical restrictions" cited by Mobil did not "actually motivate[] the employer's decision to discharge him").   Moreover, the importance of that question was "previewed to [McDaniels] by the district court" in several pretrial orders and motions filed over the course of this litigation.  *Summers*, 508 F.3d at 928. McDaniels was therefore unquestionably "informed of the dispositive facts on which [he was required to] introduce evidence." *Waters*, 100 F.3d at 1441.  As McDaniels knew that he could not prevail without showing that he was employable in some manner at Mobil, any notice of that deficiency in his case would have been superfluous.

**AFFIRMED.**