FILED

NOT FOR PUBLICATION

SEP 19 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES JACKSON ELLSWORTH,

Plaintiff-Appellant,

v.

PRISON HEALTH SERVICES
INCORPORATED, Prison health
providers at Mohave County Detention
Center; KIRSTEN MORTENSEN, Dr.,
Mohave County Detention Center,

Defendants-Appellees.

No.    14-15905

D.C. No. 3:11-cv-08070-JAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John A. Jarvey, Chief Judge, Presiding

Submitted September 15, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

James Jackson Ellsworth, proceeding pro se, filed a complaint against defendants Prison Health Services, Inc. (PHS) and Dr. Kirsten Mortensen, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We review for abuse of discretion the district court's evidentiary and case management rulings. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012); *GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011). We review de novo its legal rulings. *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by granting PHS's motion for a protective order, to strike sensitive documents attached to one of Ellsworth's public filings, and to require Ellsworth to return the documents. *R & R Sails, Inc.*, 673 F.3d at 1245. Ellsworth failed to give prior notice to the defendants that he was serving a subpoena on a third party, and PHS could claim a personal interest in the disclosed documents. Fed. R. Civ. P. 26, 45.

The district court did not abuse its discretion by declining to serve subpoenas for records on three non-parties because Ellsworth was able to obtain the requested documents through other means. Further, the district court did not abuse its discretion by declining to serve subpoenas to testify on three witnesses. All three witnesses were precluded from testifying in the desired manner at trial. Fed. R. Evid. 602, 706.

2

Although the district court denied Ellworth's motion as untimely rather than as moot, "the decision of the district court may be affirmed 'even if the district court relied on the wrong grounds or wrong reasoning.'" *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013) (quoting *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998)).  The district court also did not abuse its discretion with respect to evidentiary rulings at trial.  Instead, the trial record shows that Ellsworth was able to examine witnesses thoroughly and present evidence to the jury.

Finally, the district court did not err by granting PHS's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50.  Based on the evidence presented at trial, a reasonable jury would not have had a legally sufficient evidentiary basis to find for Ellsworth and against PHS.[1]  Fed. R. Civ. P. 50(a)(1); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012).

**AFFIRMED**.

---

[1] Ellsworth engaged in extensive pre-trial discovery.  We therefore do not reach any questions about the scope of an indigent defendant's constitutional right to pre-trial discovery.